In the
 Missouri Court of Appeals
 Western District

 
 KEITH E. WALKER, 
 
 Appellant,  WD84121
 v.  OPINION FILED:
 
 ANNE PRECYTHE, ET AL.,  OCTOBER 19, 2021
 
 Respondents. 
 
 

 Appeal from the Circuit Court of Cole County, Missouri
 The Honorable Daniel R. Green, Judge

 Before Division One: Alok Ahuja, Presiding Judge, Lisa White Hardwick, Judge,
 Anthony Rex Gabbert, Judge

 Keith Walker appeals the judgment of the Cole County Circuit Court dismissing his petition

for failure to state a claim. His petition was captioned a “Whistle Blower Complaint” and alleged

violations of law by the Missouri Department of Corrections where he was incarcerated. He raises

eight points on appeal. The appeal is dismissed.

 Facts

 Keith Walker filed a “Whistle Blower Complaint” in October 2019. It alleged five causes

of action under both Missouri state law and federal law. Walker was permitted in December 2019

to add a sixth and seventh cause of action.
 At the time the petition was filed, Walker was incarcerated in the Missouri Department of

Corrections (“MDOC”) at the Western Missouri Correctional Center. He claimed MDOC was

appropriated funds to provide winter clothing and medicine and that the MDOC refused to provide

such clothing and medicine. He stated this was a misappropriation of funds. Walker argued that

walking outside without protective clothing caused pain to his exposed skin as well as illness such

as coughs and colds. The petition further alleged that MDOC attempted to sell him winter clothing

at an increased rate and that MDOC provided winter clothing to other similarly situated prisoners

but not to him. Walker also argued that the MDOC failed to give him an informal resolution form

so he was unable to start the grievance process within the MDOC. He claimed these actions were

affirmative misconduct.

 Walker’s petition named Anne Precythe, the Director of the MDOC, and Sherie Korneman,

the Warden of the Western Missouri Correctional Center, as defendants in their individual

capacities. They each filed a motion to dismiss in September 2020. The court dismissed Walker’s

petition with prejudice for failure to state a claim. This appeal follows.

 Analysis

 “Although [Walker] appears pro se, he is subject to the same procedural rules as parties

represented by counsel, including the rules specifying the required contents of appellate briefs.”

Bey v. Precythe, 611 S.W.3d 599, 602 n.3 (Mo. App. W.D. 2020) (internal quotation marks

omitted). “Rule 84.04 specifies the required contents of a brief on appeal.” Id. at 602.

“Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate

courts do not become advocates by speculating on facts and on arguments that have not been

made.” Id. (internal quotation marks omitted). “An appellant’s failure to substantially comply

with Rule 84.04 preserves nothing for our review and constitutes grounds for dismissal of the

 2
appeal.” Id. (internal quotation marks omitted). “This is especially true where, as here, we cannot

competently rule on the merits of [Walker’s] argument without first reconstructing the facts ... and

then refining and supplementing [his] points and legal argument.” Id. (internal quotation marks

omitted).

 Walker’s petition named the director of the MDOC and the warden of the Western Missouri

Correctional Center as defendants in their individual capacities. One of the grounds for dismissal

identified in the motion to dismiss is that the defendants were protected by official immunity. In

his brief with this court, Walker claims the dismissal of his petition on the basis of official

immunity was error with this point relied on:

 Judge Green’s dismissal of the “whistle blower” complaint with prejudice
 based on the defense of official immunity and no personal knowledge, is court error,
 an abuse of discretion, a denial of Appellant’s due process rights and a fair
 unprejudicial adjudication, U.S. Const. XIV; MO Const., Art I Sections 10 when
 the Missouri Attorney General enter a defense under oath claiming [official
 immunity] protection for Respondent’s discretionary acts alleged in the “whistle
 blower” complaint indicating their discretionary acts affected public safety and
 public welfare and [no personal knowledge] of their discretionary acts alleged in
 the “whistle blower” complaint which affected public safety and public welfare.
 Appellant was prejudiced, because Judge Green’s actions deprived
 Appellant of due process, a fair unprejudicial adjudication denying appellant
 vindication of severed 1st, 8th and 14th amend Equal Protection rights as discussed
 herein.

(Errors, quotation marks, and brackets in original). This point does not contain the information

required by Rule 84.04(d)(1) or substantially follow the form prescribed by the rule. See id. at

603. Where an appellate court is asked to review the decision of a trial court, points relied on

“shall (A) [i]dentify the trial court ruling or action that the appellant challenges; (B) [s]tate

concisely the legal reasons for the appellant's claim of reversible error; and (C) [e]xplain in

summary fashion why, in the context of the case, those legal reasons support the claim of reversible

error.” Id. (quoting Rule 84.04(d)(1)). Each point relied on “shall be in substantially the following

 3
form: ‘The trial court erred in [identify the challenged ruling or action], because [state the legal

reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of

the case, support the claim of reversible error].’” Id. (emphasis in original) (quoting Rule

84.04(d)(1)). “Abstract statements of law, standing alone, do not comply with this rule.” Id.

(quoting Rule 84.04(d)(4)).

 Although Walker’s point identifies a ruling challenged, the dismissal of his petition, it does

not cite the legal standard for when a petition states a cause of action or when official immunity is

waived or explain how that standard supports his claim of reversible error. “The purpose of the

points relied on is to give notice to the opposing party of the precise matters which must be

contended with and to inform the court of the issues presented for review.” Id. at 604 (internal

quotation marks omitted).

 Deficient points relied on force the appellate court to search the argument portion
 of the brief or the record itself to determine and clarify the appellant’s assertions,
 thereby wasting judicial resources, and, worse yet, creating the danger that the
 appellate court will interpret the appellant’s contention differently than the
 appellant intended or his opponent understood.

Id. (internal quotation marks omitted). “Thus, to address [Walker’s] alleged errors we would have

to search the argument section of his brief and the record to refin[e] and supplement[ ] [his] points.”

Id. (internal quotation marks omitted). “It is improper for us to speculate as to the point being

raised by the appellant and the supporting legal justification and circumstances.” Id. (internal

quotation marks omitted).

 Walker’s next seven points relied on suffer from the same deficiencies. Each point is

focused on one of the seven counts in his petition and states that he should prevail on that count in

his cause of action. The points are not focused on why his petition states a cause in action. Instead,

 4
Walker asks this court to find in his favor for each count and to award him a monetary judgment

or remand back to the trial court.

 The deficiencies in Walker’s brief are further illustrated by his argument section. With

respect to whether the defendants are protected by official immunity, Walker’s sole argument is as

follows:

 Respondents’ conspired misappropriation of public funds, to include the
 conspired accompanying causes of actions, are illegal and goes beyond ordinary
 negligence and is admitted when the AG seeks official immunity for the
 performance of discretionary acts.
 The AG, by claiming official immunity, confirm under oath Respondent’s
 (1) receiving in disbursed public funds to provide for basic winter clothing and
 medication to prisoners but, failing to do so, (2) issuance of winter stocking hats,
 winter gloves, thermal underwear and cough suppressants to some MODOC
 prisoners at certain facilities but, selling those items to similarly situated prisoners
 at other facilities, (3) refusing grievance forms intended to highlight the
 misappropriation, (4) colluding, developing the scheme to deny winter gear and
 cough suppressants forcing prisoners to buy from the canteen or do so without were
 all known bad faith acts exercised in the performance of their duties.
 The AG’s misrepresentation under oath suggest that Respondent’s bad faith
 actions should be permitted as acceptable Judgment acts affecting public safety and
 public welfare. That, would be asking for a continued judicial collusionary effort
 by this court. Public safety and public welfare considerations conflicts with
 misappropriating public funds causing double dipping scenarios from the public.
 The AG’s misrepresentation under oath suggests Respondents has no
 personal knowledge of the “discretionary” acts committed during the course of their
 official duties in the interest of public safety and public welfare qualifying them for
 official immunity, a immunity which legally expresses personal knowledge.

(Errors in original). Walker’s brief contains the following “Conclusion” section with respect to
official immunity:

 The AG’s motion to dismiss claiming (1) official immunity for discretionary
 acts. (2) No personal knowledge of those “discretionary” acts is a known intentional
 misrepresentation and mockery of the law tainting the legal communities and law
 journals with a legal conflict.
 Judge Green’s acceptance of the legal conflict without clarifying is judicial
 misconduct solidified by dismissing the petition with prejudice attempting to
 prevent the misappropriation from being discovered.
 It is prayed this appellant court adjudicated this matter in the ends of justice.
 In the alternative, remand.

 5
(Errors in original).

 “[A]n argument must explain why, in the context of the case, the law supports the claim of

reversible error.” Pearson v. Keystone Temp. Assignment Group, Inc., 588 S.W.3d 546, 551 (Mo.

App. E.D. 2019) (quoting Rule 84.04(e)). “The argument should develop the claim of error by

showing how the relevant principles of law and the facts of the case interact.” Id. “Additionally,

an appellant is obligated to cite appropriate and available precedent if he expects to prevail, and,

if no authority is available to cite, he should explain the reason for the absence of citations.” Id.

at 551-52. “Our court will not speculate as to the parameters of [Walker’s] arguments on appeal

because doing so would improperly cast the court in the role of his advocate.” Porter v. Santander

Consumer USA, Inc., 590 S.W.3d 356, 358 (Mo. App. E.D. 2019). “Mere conclusions and the

failure to develop an argument with support from legal authority preserve nothing for review.” Id.

(internal quotation marks omitted).

 Walker’s argument with respect to official immunity is not focused on his petition and why

it states a cause of action. The same is true for the other seven points in his brief. “While the

preference is to decide an appeal on the merits, where[, as here,] a brief is so defective as to require

the appellate court and opposing counsel to hypothesize about the appellant's argument and

precedential support for it, the merits cannot be reached.” Bey, 611 S.W.3d at 605 (internal

quotation marks omitted). “To address the merits of this appeal, this court would have to become

an advocate for [Walker] by searching the record for the relevant facts of the case, speculating

about the possible claims of error, and crafting a legal argument on [his] behalf.” Id. (internal

quotation marks omitted). “This we cannot do.” Id. (internal quotation marks omitted).

 Conclusion

 6
 The appeal is dismissed.1

 Anthony Rex Gabbert, Judge

All concur.

 1
 The Respondents filed a motion with this court to strike irrelevant accusations from Walker’s brief. That
motion was taken with the case. Given our dismissal for failure to comply with briefing requirements, the motion is
denied.

 7